IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| Bradfield Properties Inc., | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| V. | § | Civil Action No. 5:24-CV-1204-FB-RBF |
| | § | |
| The United States Small Business | § | |
| Administration; Kelly Loeffler, | § | |
| in her official capacity as Administrator of | § | |
| the Small Business Administration; | § | |
| Scott Bessent, in his official capacity as | § | |
| United States Secretary of Treasury; and | § | |
| the United States of America; | § | |
| | § | |
| *Defendants.* | § | |

### REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

**COME NOW** Defendants the Small Business Administration ("SBA"); Kelly Loeffler, in her official capacity as the Administrator of the SBA; Scott Bessent, in his official capacity as the Secretary of Treasury; and the United States of America file this Reply in support of their Motion to Dismiss (Doc. 28) for lack of jurisdiction under Federal Rule of Civil Procedure 12(b)(1) and failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).

The Court lacks jurisdiction here because the Response of Plaintiff Bradfield Properties, Inc. ("Bradfield") confirms that Bradfield attempts to bring an inappropriate programmatic challenge of the so-called "Ineligibility Rule," which does not exist. This phantom rule does not constitute a "final agency action" under the Administrative Procedure Act ("APA"). Alternatively, Bradfield fails satisfy the redressability prong of Article III standing because *Seville Industries LLC v. United States Small Business Administration, et al*, 144 F.4th 740 (5th Cir. 2024) does not allow the relief requested by Bradfield. To the extent Bradfield appeals the SBA's loan forgiveness decision, *Seville* forecloses that appeal as a matter of law.

1

**I.      Bradfield challenges a phantom rule, which deprives the Court of jurisdiction.**

To establish the Court's jurisdiction under § 704 of the APA, Bradfield must demonstrate a final agency action. *Data Mktg. P'ship, LP v. United States Dep't of Lab.*, 45 F.4th 846, 853 (5th Cir. 2022). As final agency actions, Bradfield identifies (1) the SBA's decision to partially forgive Bradfield's Paycheck Protection Program ("PPP") loan; and (2) the SBA's Interim Final Rule ("IFR"). Doc. 29 at 9-13. But the "IFR" alleged by Bradfield is not a final agency action within the meaning of the APA because it does not exist.

As a preliminary matter, the Fifth Circuit has already upheld the IFR. In *Seville*, the court specifically stated the IFR "was an interpretive rule that . . . advised the public of the agency's construction of the statutes and rules which it administers" and properly implemented the statutory term "payroll costs" as written in the CARES Act. 144 F.4th at 750 (internal quotation marks omitted). Following *Seville*, the court held that "both the CARES Act, itself, and the aforementioned IFRs published alongside it clearly establish that typical requirements pertaining to Section 7(a) loan eligibility apply to PPP loan eligibility." *Shop Rite, Inc. v. United States Small Bus. Admin.*, No. 25-30028, 2025 WL 3188380, at *6 (5th Cir. Nov. 14, 2025). The court explained that "Congress granted the SBA broad authority to administer the Section 7(a) loan program, including investigatory authority" and by issuing the portion of the IFR at issue on appeal, the SBA "engaged in reasoned decisionmaking within the boundaries of its delegated authority." *Id.* (internal quotation marks omitted).

To avoid the Fifth Circuit's clear decisions on point and the SBA's rulemaking authority, Bradfield inserts a phantom rule—the "Ineligibility Rule"—into the IFR to challenge the IFR. Doc. 29 at 10-11. Insisting that this phantom rule is part of the IFR, Bradfield disingenuously argues that the SBA "created a new rule limiting eligibility for PPP loans, i.e., the Ineligibility

2

Rule, requiring applicants to employ a *minimum* number of W-2 Employees." *Id.* at 11. Yet, Bradfield fails to point to any portion of the IFR that indeed sets forth this alleged rule, demonstrating that this phantom rule is not part of the IFR. Thus, Bradfield improperly uses the so-called "Ineligibility Rule" as a vehicle to challenge the IFR when this alleged rule bears no connection to the IFR.

Because the "Ineligibility Rule" lacks any basis in the IFR, Bradfield relies on the SBA's appellate arguments to substantiate the existence of this phantom rule. *Id.* at 12. This rule allegedly established by the agency's appellate arguments is not a final agency action reviewable by the Court. Under the APA, The Fifth Circuit "considers finality a jurisdictional prerequisite of judicial review." *Data Mktg.*, 45 F.4th at 853 (internal quotation marks omitted). "There are two requirements: (A) the action must mark the consummation of the agency's decision-making process—it must not be of a merely tentative or interlocutory nature." *Id.* "And (B) the action must be one by which rights or obligations have been determined, or from which legal consequences will flow." *Id.*

The appellate arguments relied on by Bradfield meet neither requirement. First, the arguments do not "mark the consummation of the agency's decision-making process." *Id.* "Agency action may mark the consummation of the agency's decisionmaking process if the agency action is not subject to further agency review, which occurs when the agency has asserted its final position on the factual circumstances underpinning the agency action." *Louisiana State v. United States Army Corps of Eng'rs*, 834 F.3d 574, 581 (5th Cir. 2016) (internal quotation marks omitted). To the contrary, the appellate arguments alleged here are not even part of the SBA's "decision-making process" and are "merely tentative" explanations of the agency's position during the court proceedings. *Data Mktg.*, 45 F.4th at 853. The arguments are not "a decision definitively resolving

the merits of" Bradfield's claims and do "not have a substantial effect on [Bradfield's] rights such that they cannot be altered by subsequent action by the" SBA. *Exxon Chemicals Am. v. Chao*, 298 F.3d 464, 467 (5th Cir. 2002).

Next, the alleged appellate arguments "failed to determine rights and obligations of the parties or give rise to direct and appreciable legal consequences." *Louisiana State*, 834 F.3d at 582 (internal quotation marks omitted). "Unlike an administrative rulemaking or adjudication that purports to bind parties and alter their conduct," the SBA's appellate arguments "could not force [Bradfield] to alter its conduct, or expose itself to potential liability." *Id.* (internal quotation marks omitted). "Nothing about" the appellate arguments "could have bound" Bradfield to pay its unforgiven loan or change its position. *Id.* These arguments also do not "withdraw[] an entity's previously held discretion . . . alter[] the legal regime [or] bind[] the entity." *Clarke v. Commodity Futures Trading Comm'n*, 74 F.4th 627, 638 (5th Cir. 2023). "That withdrawal of discretion distinguishes [the appellate arguments]—which leave[] the agency the discretion and the authority to change its position in any specific case and do[] not seek to impose or elaborate or interpret a legal norm—from a final agency action." *Texas v. Equal Emp. Opportunity Comm'n*, 933 F.3d 433, 442 (5th Cir. 2019) (internal quotation marks omitted). Thus, the so-called Ineligibility Rule is not a reviewable final agency action.

This phantom rule lacks existence because it merely represents Bradfield's "impermissible programmatic challenge" to the SBA's enforcement of the CARES Act. *Alabama-Coushatta Tribe of Texas v. United States*, 757 F.3d 484, 490 (5th Cir. 2014). As the Fifth Circuit has held, the IFR "did not" change the meaning of "payroll costs." *Seville*, 144 F.4th at 750. Instead, the IFR "merely advised the public" of the CARES Act's plain language that "always" excluded "payments that small businesses made to independent contractors" from "payroll costs." *Id.* at 750-51

4

(internal quotation marks omitted).  The Act's plain language prevents a PPP borrower—whether it only employs independent contractors or not—from counting compensation to independent contractors in calculating payroll costs.  The "effect" of this statutory loan amount calculation is that an entity not meeting the statutory conditions for relief[1] might not qualify for a PPP loan amount if it employs only independent contractors and has no other payroll costs.  Doc. 25 ¶ 36. Bradfield challenges precisely this "effect" as the final agency action here.  *Id.*

This conclusion finds support in Bradfield's continuously evolving definition of what the so-called "Ineligibility Rule" is and its inability to supply the concrete details of this phantom rule. The Complaint defines the so-called "Ineligibility Rule" as the rule "excluding entities which did not employ any W-2 Employees from being eligible for PPP Loans (even if otherwise eligible for such loans) through their inability to calculate any Payroll Costs for such W-2 Employees."  Doc. 25 ¶ 36.  Bradfield now asserts that this rule "requir[es] applicants to employ a *minimum* number of W-2 Employees."  Doc. 29 at 11.  The so-called "Ineligibility Rule" has now evolved from the rule that categorically excluded employers with only independent contractors from being eligible for a PPP loan to the rule that requires an employer to hire a minimum number of W-2 employees for a PPP loan.  Despite asserting that the rule imposes "a minimum number of W-2 Employees," Bradfield does not make clear what that *minimum* number is except vaguely asserting that the number may be one.  *Id.* at 15 (stating "a minimum number (i.e., one) of W-2 Employees").

---

[1] The congressional formula for calculating a maximum loan amount is "the sum of items (aa) (payroll costs multiplied by 2.5) and (bb) (existing disaster-relief loan balance)."  *Seville,* 144 F.4th at 749 (internal quotation marks omitted).  "Similarly, the maximum loan amount for a farmer or rancher *without employees* is calculated as the sum of items (aa) (2019 monthly gross income multiplied by 2.5) and (bb) (existing disaster-relief loan balance)."  *Id.* (emphasis added) (internal quotation marks omitted).  Thus, entities without any qualifying employees can receive a certain amount of a PPP loan if they have an existing disaster-relief loan balance or are farmers or ranchers.

Bradfield cannot consistently define what this phantom rule is because the "rule" is merely the label given to describe the effect of the SBA's enforcement of the CARES Act's statutory term "payroll costs"—which is already upheld in *Seville*.  Disagreeing with the SBA's implementation of the Act, Bradfield presents "a blanket challenge to *all* of the [the SBA's] actions with respect to *all*" PPP loan calculations.  *Alabama-Coushatta Tribe of Texas*, 757 F.3d at 490.  "The fact that [Bradfield] is not seeking wholesale reform of every single" determination by the SBA "but only those related to" entities hiring independent contractors "does not diminish the scale of the relief sought by" Bradfield.  *Id.* at 490-91.  "The challenge is to the way the [SBA] administers" the PPP loan program, including its implementation of the CARES Act's directive on how to calculate a maximum loan amount, "not to a particular and identifiable action taken by the Government."  *Id.* at 491.  The implementation's "effect" on an entity hiring only independent contractors shows nothing but an "allegation[] of past [and] ongoing . . . harms, seeking wholesale improvement."  *Id.* at 490 (internal quotation marks omitted).  "Such allegations do not challenge specific agency action."  *Id.* (internal quotation marks omitted).  "[I]t remains that the challenge is directed at the [SBA's] broad policies and practices—namely the [SBA's] failure to consider and accommodate" entities employing independent contractors.  *Id.* at 491.

The APA "does not allow [Bradfield] to challenge an entire program by simply identifying specific allegedly-improper final agency actions within that program, which is precisely what [it] did here."  *Sierra Club v. Peterson*, 228 F.3d 559, 567 (5th Cir. 2000).  "The scope of the [Bradfield's] claims and the relief [it may] obtain[] go well beyond any challenge to discrete" PPP loan eligibility determinations.  *Id.* at 567.  For the reasons stated above, Bradfield fails to demonstrate that the so-called "Ineligibility Rule" is an appropriate final agency action.  The Court should dismiss this action for lack of jurisdiction.

6

**II.    Bradfield lacks Article III standing.**

Even assuming the so-called "Ineligibility Rule" exists and the Court considers it, the Court should dismiss this case because Bradfield lacks Article III standing.  As Bradfield explicitly concedes, it does not "dispute over the CARES Act process for determining forgiveness eligibility." Doc. 29 at 16.  Instead, it "is focused on the SBA's Ineligibility Rule." *Id.*

Bradfield's challenge to this phantom rule is meaningless because regardless of the "Ineligibility Rule," *Seville* forecloses the Court from overturing the SBA's decision to not forgive Bradfield's improper PPP loan amount, which is the injury alleged by Bradfield.  As conclusively established in *Seville*, the CARES Act "presupposes that businesses *cannot* count payments to independent contractors (or sole proprietors) as payroll costs," and the statutory term "payroll costs" "always excluded payments to independent contractors."  *Seville*, 144 F.4th at 741, 748, 750. Despite the Act's plain and clear language, Bradfield improperly "includ[ed] costs of compensation paid to independent contractors" in calculating its payroll costs and applying for a PPP loan.  Doc. 25 ¶ 42.  "On the front end, [Bradfield] improperly counted its payments to independent contractors and borrowed too much money.  Come forgiveness season, only the loans based on genuine payroll costs shall be redeemed."  *Seville*, 144 F.4th at 751.

Invalidating the so-called "Ineligibility Rule" does not change this plain language of the statute or overrule *Seville*.  Under *Seville* and the CARES Act, the Court cannot order full forgiveness of Bradfield's PPP loan.  That means the relief sought—the invalidation of the "Ineligibility Rule"—does not redress Bradfield's alleged injury—the SBA's partial forgiveness of the PPP loan.

That means Bradfield cannot meet its burden to show its Article III standing.  As shown in the Motion to Dismiss, the "[r]edressability" prong of Article III standing "requires a likelihood

that the requested relief will redress the *alleged* injury." *Aransas Project v. Shaw*, 775 F.3d 641, 648 (5th Cir. 2014) (emphasis added) (internal quotation marks omitted).  Because Bradfield's requested relief does not redress its alleged injury, "relief that does not remedy the injury suffered cannot bootstrap [Bradfield] into federal court." *Inclusive Communities Project*, 946 F.3d at 656 (internal quotation marks omitted).

Bradfield fails to meaningfully respond to this argument or address *Seville*.  Doc. 29 at 13-14.  Ignoring *Seville*, Bradfield asserts without any support that the so-called "Ineligibility Rule," not *Seville* or the CARES Act's plain language, "directly caused" its injury—the SBA's decision to not forgive Bradfield's loan amount based on its improper calculation of its payroll costs.  *Id.* at 14.  Bradfield simply fails to address that *Seville* and the CARES Act's plain language—not any additional rule allegedly implemented by the SBA—allow "only the loans based on genuine payroll costs [to] be redeemed." *Seville*, 144 F.4th at 751.  Because *Seville* shows that the requested relief—invalidating the "Ineligibility Rule"—would not redress the alleged injury—the SBA's decision not to forgive the portion of Bradfield's PPP loan based on improper calculations of its payroll costs, the Court should dismiss this case for lack of jurisdiction.

### III.    Bradfield abandons its challenges to the SBA's loan forgiveness decision.

As to the SBA's loan forgiveness decision, Bradfield explicitly abandons the challenge to the decision.  As noted, Bradfield expressly concedes that it does not "dispute over the CARES Act process for determining forgiveness eligibility." Doc. 29 at 16.  It also does not respond to Defendants' argument that *Seville* squarely forecloses the forgives of its PPP loan based on its improper calculations.  By making the explicit concession and failing to respond to Defendants' argument, Bradfield abandons any challenges to the SBA's decision not to forgive its improper loan amount *under Seville and the CARES Act.  See Terry Black's Barbecue, L.L.C. v. State Auto.*

8

*Mut. Ins. Co.*, 22 F.4th 450, 459 (5th Cir. 2022); *Matter of Dallas Roadster, Ltd.*, 846 F.3d 112, 125 (5th Cir. 2017).

Instead, Bradfield continues to argue the phantom "Ineligibility Rule" exists and frivolously asserts that the SBA abused its rulemaking authority by implementing this rule. Doc. 29 at 15-16. Because this phantom rule does not exist, the SBA has not exercised its rulemaking authority in making this alleged rule. To the extent Bradfield argues that the actual "IFR" enforcing the statutory meaning of "payroll costs"—as opposed to the phantom "IFR" that includes the "Ineligibility Rule"—exceeds the SBA's rulemaking authority, the Fifth Circuit has already rejected that argument. *Seville*, 144 F.4th at 750-51; *Shop Rite*, 2025 WL 3188380, at *6. *Seville* and other pertinent decisions foreclose as a matter of law all Bradfield's claims under the APA (to the extent recognizable and proper), including that the SBA's decision to partially forgive its PPP loan exceeds the SBA's statutory authority, violates the Constitution, and is arbitrary and capricious.

## IV.    Conclusion

For the reasons above, the Court should dismiss this case.

Respectfully submitted,

**Justin R. Simmons**
United States Attorney

By:    */s/ Huiju Jeon*
**Huiju Jeon**
Assistant United States Attorney
New York Bar No. 5447792
huiju.jeon@usdoj.gov
601 NW Loop 410, Suite 600
San Antonio, Texas 78216-5597
Tel. (210) 384-7170
Fax. (210) 384-7358

**Attorneys for Defendants**

9