# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

BRADFIELD PROPERTIES INC.     )
)
    Plaintiff,     )
)
v.     )    CASE NO.: 5:24-cv-1204-FB
)
THE UNITED STATES SMALL     )    Hon. Fred Biery
BUSINESS ADMINISTRATION; KELLY     )
LOEFFLER, in her official capacity as     )
Administrator of the Small Business     )
Administration; SCOTT BESSENT, in his     )
official capacity as United States Secretary     )
of Treasury; and THE UNITED STATES     )
OF AMERICA,     )
)
    Defendants.     )
)
_____)

## PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSE TO MOTION TO STAY

Plaintiff Bradfield Properties Inc. ("Plaintiff" or "Bradfield") hereby files its Reply to Defendant's Response to Plaintiff's Motion to Stay.

Plaintiff's Motion requested the Court stay these proceedings pending the potentially outcome determinative cases styled as *Veltor Underground, L.L.C., Petitioner v. Small Business Administration, et al.*, S. Ct. No. 25-956, and *Seville Industries, L.L.C., Petitioner v. Small Business Administration, et al.*, S. Ct. No. 25-954, each of which have recently filed petitions for certiorari with the U.S. Supreme Court.  In its Motion, Plaintiff addressed the legal standard courts use to determine whether a stay is appropriate in a given matter. That standard is based on this Court's inherent power "'to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants…'" *In re Beebe*, 56 F.3d 1384 (5th Cir. 1995) (quoting *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)).  The Motion discussed

the four factors courts analyze in considering a stay of proceedings: (1) "the potentiality of another case having a dispositive effect on the case to be stayed"; (2) "the judicial economy to be saved by waiting on a dispositive decision"; (3) "the public welfare"; (4) "the hardship/prejudice to the party opposing the stay, given its duration" *Tollefson v. Bergaila & Assocs.*, No. MO:21-CV-171-DC-RCG, 2022 WL 2782809, at *1 (W.D. Tex. Jan. 19, 2022) (quoting *Schartel v. OneSource Tech., LLC*, No. 1:15-CV-1434, 2015 WL 74300056, at *1 (N.D. Ohio Nov. 17, 2015)).

Inexplicably, Defendant's Response fails to address three of these four factors. As such, by default Defendants concede the petitions of *Velto*r and *Seville* are potentially dispositive of this matter; that judicial economy is best served by a stay; and that the public welfare is consistent with a stay. Defendants only mention in passing the fourth factor, that of prejudice. Defendants allege they would suffer "substantial" hardship or alternatively be "significantly" prejudiced from a stay because "the value of the dollar diminishes over time." This argument of course ignores that Bradfield is a debtor on a loan note with a lender (Frost Bank), not the SBA. That note is accruing at a statutory interest rate during the pendency of this litigation, and the lender has previously agreed to voluntarily stay collection of that loan pending completion of this litigation. The SBA did not fund the loan but has only guaranteed it. If Bradfield must pay back the unforgiven portion of loan at the conclusion of this litigation with accrued interest, the SBA will have lost nothing. Any purported loss of value to the lender due to a below market interest rate set by Congress is not a valid reason not to stay this matter.

As the docket reflects, Defendants previously requested, and were granted, a stay of this case pending the resolution of the *Seville* appeal before the Fifth Circuit "because

CASE NO.: 5:24-cv-1204-FB

the interests of the parties and appropriate conservation of judicial resources weigh in favor of a stay." (Doc. 15 at 3).  Defendants make no effort to explain why the same interests of the parties and conservation of judicial resources do not weigh in favor of a stay at this moment.

Finally, Defendants' reliance on 28 U.S.C. § 2101(f) is misplaced.  § 2101(f) describes a stay of enforcement of judgment when a litigating party itself is seeking certiorari.  As Defendants well know, Bradfield is not presently seeking certiorari and could not. It is simply advising the Court that the matter before it may very well be resolved by petitions for certiorari submitted by parties with exactly the same legal claims, two of which are the Defendants themselves.  As the Motion points out, should those petitions for certiorari be denied, they are likely dispositive of this matter.  And if the petitions are granted, then the Supreme Court will have final say over the core legal issue in this matter. The Defendants do not disagree.

## CONCLUSION

For the reasons set forth in its Motion and herein, Plaintiff respectfully requests that these proceedings be stayed and held in abeyance pending the Supreme Court's decision whether to grant certiorari in *Seville* and *Veltor*.

DATED: February 23, 2026    Respectfully Submitted,

CLARK HILL PLC

By: */s/ Bret S. Wacker*

Bret S. Wacker (*Pro Hac Vice*)
J. Chris White (*Pro Hac Vice*)
730 17th Street, Suite 420
Denver, CO 80202
Telephone: (202) 772-0906
Facsimile: (202) 772-0905
bwacker@clarkhill.com
jwhite@clarkhill.com

Amy Leila Prueger
Texas Bar No. 24041842

3

CASE NO.: 5:24-cv-1204-FB

3711 South Mo-Pac Expressway
Building One, Suite 500
Austin, Texas 78746
Telephone: (512) 499-3600
Facsimile: (512) 499-3660
aprueger@clarkhill.com

***ATTORNEYS FOR PLAINTIFF***

CASE NO.: 5:24-cv-1204-FB

## CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of February 2026, a true and correct copy of the foregoing PLAINTIFF BRADFIELD'S REPLY TO DEFENDANTS' RESPONSE TO MOTION TO STAY was served via the Court's CM/ECF system, which will send notification of such filing to all counsel of record:

*/s/ Bret S. Wacker*
Bret S. Wacker

5