IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| Bradfield Properties Inc., | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| V. | § | Civil Action No. 5:24-CV-1204-FB-RBF |
| | § | |
| The United States Small Business | § | |
| Administration; Kelly Loeffler, | § | |
| in her official capacity as Administrator of | § | |
| the Small Business Administration; | § | |
| Scott Bessent, in his official capacity as | § | |
| United States Secretary of Treasury; and | § | |
| the United States of America; | § | |
| | § | |
| *Defendants.* | § | |

**Defendants' Notice of Their Partial Non-opposition to the Motion to Stay**

**COME NOW** Defendants the Small Business Administration ("SBA"); Kelly Loeffler, in her official capacity as the Administrator of the SBA; Scott Bessent, in his official capacity as the Secretary of Treasury; and the United States of America file this Notice to notify the Court of their updated position that Defendants do not partially oppose Plaintiff Bradfield Properties, Inc.'s ("Bradfield") pending Motion to Stay (Doc. 31).  Before Bradfield filed the Motion, Defendants moved to dismiss the case for lack of jurisdiction under Rule 12(b)(1) and failure to state a claim upon which relief may be granted under Rule 12(b)(6).  Doc. 28.  In support, Defendants cited to *Seville Industries, L.L.C. v. United States Small Business Administration*, 144 F.4th 740, 751 (5th Cir. 2025).  *See id.*  Alleging in part that the appellants in *Seville* petitioned for a writ of certiorari to the Supreme Court, Bradfield moved to stay the case, including the Court's consideration of the Motion to Dismiss, until the Supreme Court rules on the petition.  Doc. 31.  Defendants opposed the stay.  Doc. 32.  While the Motion to Stay remains pending, the Court set this case for an initial

1

pretrial conference and ordered the parties to file a joint proposed scheduling order and Rule 26(f) report.  Doc. 34.

Since the entry of the Court's Order, Defendants' position on the Motion to Stay has changed.  At this time, Defendants do not oppose Bradfield's Motion to Stay to the extent that it asks the Court to stay the case except the Court's resolution of the Motion to Dismiss.  However, Defendants continue to oppose Bradfield's request to stay the Court's consideration of the Motion to Dismiss for the reasons stated in their Response (Doc. 32).  Thus, Defendant's amended position is that the Court should stay the case pending the Court's resolution of the Motion to Dismiss and proceed with its consideration of the Motion to Dismiss while other activities are stayed.

Respectfully submitted,

**Justin R. Simmons**
United States Attorney

By:   */s/ Huiju Jeon*
**Huiju Jeon**
Assistant United States Attorney
New York Bar No. 5447792
huiju.jeon@usdoj.gov
601 NW Loop 410, Suite 600
San Antonio, Texas 78216-5597
Tel. (210) 384-7170
Fax. (210) 384-7358

**Attorneys for Defendants**

2